NO. SCAD-11-0000780

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

ROBERT M. M. SETO, Respondent.

---

ORIGINAL PROCEEDING
(ODC 11-072-8996)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Acoba, Duffy, and McKenna, JJ.)

Upon consideration of the Office of Disciplinary Counsel's petition for issuance of a reciprocal discipline notice to Respondent Robert M. M. Seto, the memorandum, affidavit, and exhibits appended thereto, and the record, it appears the Office of Enrollment and Discipline of the United States Patent and Trademark Office (USTPO) suspended Respondent Seto from the practice of law before its Office for four years. It further appears this court, on November 10, 2011, issued a notice and order requiring Respondent Seto, in accordance with Rule 2.15(c) of the Rules of the Supreme Court of the State of Hawai'i (RSCH), to show cause as to why the same or substantially equivalent discipline should not be imposed in the State of Hawai'i and, in his response, Respondent Seto did not establish any of the four grounds available under RSCH Rule 2.15(c)(1)-(4) to avoid reciprocal discipline in this jurisdiction. It further appears that Respondent Seto assisted his son, Jeffrey Seto, to continue

to represent clients before the USTPO while his son was a registered patent agent, thereby violating the Hawaiʻi Rules of Professional Conduct (HRPC) Rule 5.1(c)(1) ("A lawyer shall be responsible for another lawyer's violation of the rules of professional conduct if . . . the lawyer . . . with knowledge of the specific conduct, ratifies the conduct involved . . . ."); HRPC Rule 8.4(a) ("It is professional misconduct for a lawyer to . . . violate the rules of professional conduct [and] knowingly assist . . . another to do so . . . ."); and HRPC Rule 8.4(c) ("It is professional misconduct to . . . engage in conduct involving dishonesty, . . . deceit, or misrepresentation . . . ."), though Respondent Seto did so absent a selfish motive. Therefore,

IT IS HEREBY ORDERED that Respondent Seto is suspended from the practice of law in this jurisdiction for a period of two years, effective 30 days from entry of this order, as provided by RSCH Rule 2.16(c).

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Seto shall pay all costs of these proceedings as approved upon timely submission of a bill of costs, pursuant to RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Seto shall, within ten (10) days after the date of this order, file with this court an affidavit in full compliance with RSCH Rule 2.16(d).

DATED: Honolulu, Hawaiʻi, January 5, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna



2